IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY CO. | § | |
|       Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:09-0422 |
| | § | |
| PETROLEUM SOLUTIONS, INC. | § | |
|       Defendant. | § | |

**MID-CONTINENT CASUALTY CO.'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND MOTION FOR NEW TRIAL**

Plaintiff, Mid-Continent Casualty Company respectfully requests that the Court reconsider its judgment signed March 29, 2016. For the reasons noted below, Mid-Continent is entitled to judgment as a matter of law because there is (1) no evidence it waived its right to rely upon the policy's "cooperation" clause and (2) no evidence segregating the amount of Titeflex's attorneys fees between covered and uncovered fees. Mid-Continent is entitled to a new trial because (1) the court's charge erroneously instructed the jury on the legal definitions of "cooperation" and "waiver" and (2) the jury's verdict that Petroleum Solutions, Inc. ("PSI") cooperated with Mid-Continent and that Mid-Continent waived its right to rely on the cooperation clause is against the great weight and preponderance of the evidence.

I.   **MID-CONTINENT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.**

   A.   **There is legally and factually insufficient evidence from which the jury could reasonably conclude Mid-Continent waived its right to enforce the policy's "cooperation" clause.**

Under Texas law, waiver is the intentional relinquishment of a right actually known, or intentional conduct inconsistent with claiming that right. *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008). The elements of waiver include (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right. *See Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 643 (Tex.1996).

There is simply no evidence that Mid-Continent ever intended to relinquish its right to rely on the policy's cooperation clause or otherwise engaged in intentional conduct inconsistent with the right to rely on the policy's cooperation clause. Mid-Continent repeatedly advised PSI that it was "not waiving any rights it may have under the policy issued to PSI." *See, e.g.,* PSI's Ex. 17 at 0023; *see also* PSI's Ex. 32 at 0032; PSI's Ex. 40 at 0040. Indeed, the evidence established that Mid-Continent expressly informed PSI numerous times of its duty to cooperate with Mid-Continent and reserved the right to deny coverage based upon PSI's failure to cooperate with Mid-Continent. *See* PSI's Ex. 17 at 5522 ("Mid-Continent reserves its right to decline any duty to PSI, *including*, but not limited to, PSI's *failure to cooperate* in our investigation and defense

of this claim/suit.") (emphasis added); PSI's Ex. 32 at 0033 (same); PSI's Ex. 40 at 0040 (same).

Moreover, under Texas law, an insurance policy's coverage cannot be expanded by the doctrines of waiver or estoppel. *See Ulico Cas. Co.*, 262 S.W.3d at 787 (holding that neither waiver nor estoppel "could effect a change in the policy's coverage."). The policy provides, as a condition precedent to coverage, that "You and any other involved insured must: . . . [c]ooperate with us in the investigation or settlement of the claim or defense against the 'suit.'" Plaintiff's Ex. 1 at 22. Accordingly, even assuming for the sake of argument that some evidence supported PSI's position that Mid-Continent waived the right to rely upon the policy's cooperation clause, which there is not, such evidence is irrelevant as the doctrine of waiver cannot provide PSI with coverage it would not otherwise be entitled under the policy's terms. *See Ulico Cas. Co.*, 262 S.W.3d at 787. The Court should grant Mid-Continent judgment as a matter of law on the issue of waiver.

**B.  There is no evidence segregating the damages at issue in the underlying judgment between covered and uncovered claims.**

As this Court recognized in its July 29, 2016 order, the fact that PSI paid a judgment consisting of attorney fees incurred by Titeflex is not sufficient to trigger the coverage afforded by Mid-Continent's policy; the issue is whether those fees were incurred in defense of a claim by a third party or in the prosecution of a claim under Section 82.002(a) of the Texas Civil Practice and Remedies Code. Document No. 93 at 50-51. Indeed, addressing that issue, the Court held:

3

> Section 82.002(a) creates an independent cause of action that, as the Titeflex Judgment exemplifies, may comprise solely attorney's fees and court costs incurred in defense of claims by a third party in an underlying products liability action. The portion of the Titeflex Judgment awarded pursuant to Section 82.002(a) constitutes "damages" under *In re Nalle* and therefore constitutes "damages" for purposes of Policy section I(A)(1)(a).
>
> In contrast, attorney's fees awarded to Titeflex pursuant to Section 82.002(g) incurred in *prosecuting* its Section 82.002(a) claim against PSI for indemnity do not meet the definition of compensatory "damages" under prevailing law. Section 82.002(g) fees are ancillary to recovery on a substantive cause of action. Section 82.002(g) is a fee-shifting provision for successful claims against a product manufacturer. The component of the Titeflex Judgment comprising fees and expenses for successfully prosecuting the claim against PSI for indemnification as an innocent seller of a component of PSI's product is not a covered loss as "damages because of . . . 'property damage.'"

Document No. 93 at 50-51 (emphasis in original).

It is PSI's burden to produce evidence that the fees at issue are covered by Mid-Continent's policy and to produce evidence segregating covered from uncovered fees. *See Shamoun & Norman, LLP v. Ironshore Indem., Inc*., 56 F. Supp. 3d 840, 844 (N.D. Tex. 2014); *National Union Fire Ins. Co. of Pittsburgh, PA v. Puget Plastics Corp.*, 649 F. Supp. 2d 613, 650-52 (S.D. Tex. 2009); *see also Fiess v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004) (holding burden on insured to prove what portion of mold loss was attributable to a covered cause when both covered and non-covered causes were involved and noting "If covered and non-covered perils combine to create a loss, the insured may only recover the amount caused by the covered peril").

Despite PSI undisputedly bearing this burden, the Court concluded that PSI was relieved of its burden of production because, the Court said, Mid-Continent stipulated to the PSI's damages. *See* Document No. 189 at 13-15. Mid-Continent did not.

4

In a "Report to the Court," the parties advised that they "will agree to stipulate to the amount of Titeflex's attorney's fees, and applicable post-judgment interest, for the period when Titeflex was defending Head's claim and, if Collateral Estoppel applies, for the period when PSI's claim was pending against Titeflex." Document No. 112 at 2. The parties subsequently reached an agreement on that issue and entered the following factual stipulation in the "Joint Pretrial Order":

> 31. The Parties have stipulated to damages as follows:
>
> a. If the Court determines collateral estoppel does not apply, and PSI only gets the period that Judge Atlas identified in the Amended Opinion and Order, the Parties have agreed that the damages are $136,499.97 plus $51,104.40 in post-judgment interest, for a total recovery of $187,604.17.
>
> b. Alternatively, if the Court determines collateral estoppel applies, the parties have agreed that the damages are $278,545.36 plus $104,285.11 in post-judgment interest, for a total recovery of $382,830.47.
>
> c. These are exclusive of attorneys' fees in this case, and any pre-judgment interest that would apply to the present claim.

Document No. 126 at 6-7.

The Court's March 29, 2017 opinion concludes that Mid-Continent agreed, in the above stipulation, that $136,499.97 comprised *PSI's* damages. Doc. No. 189 at 8-9. However, it was not Mid-Continent's intent to stipulate to *PSI's* damages. The parties advised the Court that they would stipulate to "the amount of *Titeflex's* attorney's fees," and nowhere in the Joint Pretrial Order stipulation did Mid-Continent say it was stipulating to *PSI's* damages. *See* Document No. 112 at 2 (emphasis added); Document No. 126 at 6.

What Mid-Continent stipulated to was the fact that the $136,499.97 figure constitutes "damages" owed by PSI pursuant to the underlying judgment. Document No. 126 at 6. However, that agreement does not relieve PSI of the burden of producing evidence segregating those "damages" between covered and uncovered fees because Mid-Continent *did not* agree and *did not* stipulate that any portion of the figures constitute fees incurred in defense of claims by a third party. *See id.* The parties' stipulation simply does not segregate the figures between fees incurred in defense of a claim by a third party and fees incurred in the prosecution of a claim under Section 82.002(a) of the Texas Civil Practice and Remedies Code. *See* Document No. 126 at 6. Absent a stipulation segregating the $136,499.97 between covered and uncovered fees, PSI bore the burden to produce evidence segregating Titeflex's fees between those fees incurred in defense of a claim by a third party and those fees incurred in the prosecution of a claim under Section 82.002(a). *See Fiess,* 392 F.3d at 807. As there is no such evidence, Mid-Continent is entitled to judgment as a matter of law. *See In Re Nalle Plastics Family Limited Partnership*, 406 S.W.3d at 171; *Fiess*, 392 F.3d at 807.[1]

---

[1] In its March 29, 2017 opinion, the Court also concluded that its conclusion that the parties had stipulated to PSI's damages was bolstered by the fact that the parties did not note that there was a contested issue of fact in the "Contested Issues of Fact" section of the Joint Pretrial Order. Document No. 189 at 14. Mid-Continent respectfully disagrees. Evidence segregating the $136,499.97 portion of the underlying judgment between fees incurred in defense of a claim by a third party and those fees incurred in the prosecution of a claim under Section 82.002(a) would have established what fees were covered as a matter of law. Accordingly, Mid-Continent does not believe there is an issue of fact; regardless, there is no stipulation that relieves PSI of its burden to produce evidence supporting its claim. *See Fiess,* 392 F.3d at 807 (holding that it is the insured's burden to present facts establishing a claim is covered).

## II. MID-CONTINENT IS ENTITLED TO A NEW TRIAL.

### A. Error in the jury charge requires a new trial.

A new trial is appropriate where there is an error in the jury charge. *See Goodgame v. Am. Cast Iron Pipe Co.*, 75 F.3d 1516, 1521 (11th Cir. 1996); *Minks v. Polaris Indus.*, 543 F.3d 1364, 1375-76 (Fed. Cir. 2008). Respectfully, the Court's charge erroneously charged the jury with regards to the policy's cooperation clause and waiver.

**The court's charge incorrectly defined "cooperate."**

The policy's cooperation clause provides:

**2.    Duties In The Even Of Occurrence, Offense, Claim Or Suit**

. . .

    c.    You and any other involved insured must:

. . .

        **(3)**    Cooperate with us in the investigation or settlement of the claim or defense against the "suit" . . . .

Plaintiff's Exhibit 1 at 22.

The plain language of the policy requires PSI to "cooperate with us [Mid-Continent] in the . . . settlement of the claim." *Id.* A reasonable construction of that language must give effect to the plain meaning of the written policy language, without reading additional provisions into it. *Gilbert Tex. Const., L.P. v. Underwriters at Lloyd's London¸* 327 S.W.3d 118, 126 (Tex. 2010); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Crocker*, 246 S.W.3d 603, 606 (Tex. 2008) ("Insurance policies are

written contracts, and, as with other contracts, we interpret and enforce them according to settled rules of construction. Most importantly, we must give the policy's words their plain meaning, *without inserting additional provisions into the contract*.") (emphasis added).

The court's charge asked the jury whether "PSI has proved by a preponderance of the evidence that it complied with the Policy's cooperation clause with respect to the Titeflex offer proposed in 2008." Document 269 at 2. The court's charge instructed the jury that "PSI complied with the cooperation clause if PSI's conduct was reasonable and justified under all the circumstances that existed." *Id.* Respectfully, that instruction does not instruct the jury on the plain meaning of the wording of the cooperation clause and improperly alters the plain meaning of the policy language before the Court and the jury.

The factual issue before the jury was whether or not PSI proved that it "cooperated with [Mid-Continent] in the . . . settlement of the claim." Plaintiff's Exhibit 1 at 22. To "cooperate" means "1 : To act or work with another or others: act together 2 : To associate with another or others for mutual benefit." Webster's Ninth New Collegiate Dictionary, 288 (1989); see also Black's Law Dictionary, 302 (5th ed. 1979) (defining "cooperate to mean "to act jointly or concurrently toward a common end"). Notably, to "cooperate" does not mean that one's conduct is "reasonable and justified under all the circumstances that existed." *See* Webster's Ninth New Collegiate Dictionary at 288. Respectfully, the jury was improperly charged by providing it with an incorrect definition of "cooperate," which instructed it that PSI cooperated with Mid-Continent even if PSI refused to work with Mid-Continent to settle the underlying claims. This instruction

8

creates substantial and ineradicable doubt regarding whether the jury was properly guided in its deliberations and likely affected the outcome of the case. *See Alexander v. Servisair, LLC,* 593 Fed. Appx. 352, 356 (5th Cir. 2014) (holding that a new trial is proper if a jury charge creates "substantial and ineradicable doubts whether the jury has been properly guided in its deliberations."). The Court should order a new trial in order that a jury may be properly charged with respect to the legal definition of "cooperate."

### The court's charge improperly instructed the jury regarding waiver.

PSI's theory regarding waiver is that Mid-Continent allegedly failed to inform PSI of the applicability of the policy's cooperation clause, and that such a failure results a waiver of Mid-Continent's right to rely on the policy's "cooperation" clause. In accordance with that theory, the court's charge instructed the jury that "silence or inaction, for so long a period as to show an intention to yield the known right, is . . . enough to prove waiver." Document 269 at 3.

It is "the inescapable duty of the trial judge to instruct the jurors, fully and correctly, on the applicable law of the case, and to guide, direct, and assist them toward an intelligent understanding of the legal and factual issues involved in their search for the truth." *Pierce v. Ramsey Winch Co.*, 753 F.2d 416, 424–25 (5th Cir. 1985) (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2556 (1971)). However, to properly instruct a jury on a party's theory of the case, the instruction must be both "legally correct" and "supported by evidence admitted at trial." *See id.* While it is PSI's theory that Mid-Continent failed to inform it of the applicability of the "cooperation" clause, there is no evidence that Mid-Continent remained silent or otherwise failed to take

9

action for so long a period as to show an intention to yield its right to enforce the policy's "cooperation" clause.

As noted above, Mid-Continent specifically informed PSI that it reserved the right to deny coverage if PSI failed to cooperate with Mid-Continent in the underlying lawsuit. *See* Plaintiff's Ex. 17 at 5522; *see also* PSI's Ex. 32 at 0033; PSI's Ex. 40 at 0040. As Mid-Continent's reservation of rights letters specifically, and repeatedly, informed PSI of the applicability of the "cooperation" clause, the evidence establishes that Mid-Continent did not remain silent with respect to PSI's duty to cooperate. *See id.* Respectfully, the jury was improperly charged by providing it an instruction that it could conclude Mid-Continent waived its right to enforce the "cooperation" clause based on silence when there was no evidence Mid-Continent stood silent with respect to PSI's duty to cooperate. *See Pierce*, 753 F.2d at 424–25 (noting that jury instructions must be supported by the evidence). The "silence" instruction, which is not supported by the evidence, creates substantial and ineradicable doubt regarding whether the jury was properly guided in its deliberations and likely affected the outcome of the case. *See Alexander v. Servisair, LLC,* 593 Fed. Appx. 352, 356 (5th Cir. 2014). The Court should order a new trial in order that a jury may be properly charged with respect to waiver.

**B.     The jury's verdict is against the great weight and preponderance of the evidence.**

The court may order a new trial when the jury's verdict is against the great weight and preponderance of the evidence. *See Pagan v. Shoney's, Inc*., 931 F.2d 334, 336 (5th Cir. 1991). The jury concluded that Mid-Continent waived its right to rely upon the

10

policy's "cooperation" clause and that PSI cooperated with Mid-Continent in the settlement of the Titeflex claim as required by the policy's cooperation clause. These findings are against the great weight and preponderance of the evidence.

As noted above, there is no evidence that Mid-Continent waived its right to rely on the policy's cooperation clause. Again, Mid-Continent expressly reserved the right to deny coverage where PSI failed to cooperate with it in the defense of the claims in the underlying lawsuit. *See* Plaintiff's Ex. 17 at 5522. In light of the express reservation of Mid-Continent's right to rely upon the policy's cooperation clause, the jury could not reasonably conclude that Mid-Continent committed any waiver and the jury's finding otherwise is against the great weight and preponderance of the evidence.

The jury's finding that PSI cooperated with Mid-Continent is also against the great weight and preponderance of the evidence. The evidence was that Mid-Continent requested that PSI non-suit its claims against Titeflex as required to settle the dispute between Titeflex and PSI. PSI refused to do so. As a result of PSI's refusal to do so, Titeflex proceeded with its suit against PSI and was awarded the judgment PSI now claims Mid-Continent must cover under its policy of insurance. Had PSI cooperated with Mid-Continent, the judgment at issue in this insurance dispute would never have been entered. The jury's finding that PSI cooperated with Mid-Continent is against the great weight and preponderance of the evidence and Mid-Continent is entitled to a new trial for this reason. *See Pagan*, 931 F.2d at 336.

## CONCLUSION

For the reasons noted above, Mid-Continent respectfully requests that the Court grant its renewed motion for judgment as a matter of law and motion for new trial and either (1) enter judgment that Petroleum Solutions, Inc. take nothing by its claims against Mid-Continent or (2) order a new trial.

                        Respectfully submitted,

                        **MARTIN, DISIERE, JEFFERSON &WISDOM, L.L.P.**

                        By: */s/ Christopher W. Martin        (with permission RGD)*
                              Christopher W. Martin
                              TBA No. 13057620
                              Federal ID 13515
                              *martin@mdjwlaw.com*
                        808 Travis, 20th Floor
                        Houston, Texas 77002
                        Telephone: (713) 632-1700
                        Facsimile: (713) 222-0101

                        **ATTORNEY-IN-CHARGE FOR PLAINTIFF**
                        **MID-CONTINENT CASUALTY COMPANY**

**<u>OF COUNSEL</u>:**
Robert G. Dees
TBA No. 05716430
Federal ID 13899
*dees@mdjwlaw.com*
W. Shane Osborn
Texas Bar No. 24068343
Federal ID 1128026
*osborn@mdjwlaw.com*
MARTIN, DISIERE, JEFFERSON &WISDOM, L.L.P.
808 Travis, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

## **CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the foregoing Mid-Continent Casualty Co.'s Renewed Motion For Judgment As A Matter Of Law And Motion For New Trial has been forwarded by the methods indicated to the individuals listed below on this 26th day of April, 2017.

| | |
|---|---|
| Lee H. Shidlofsky<br>State Bar No. 24002937<br>Southern District No. 22026<br>Douglas P. Skelly<br>State Bar No. 24056335<br>Southern District No. 903934<br>*doug@shidlofskylaw.com*<br>SHIDLOFSKY LAW FIRM PLLC<br>7200 N. Mopac Expressway, Suite 430<br>Austin, Texas  78731<br><br>Terry L. Scarborough<br>*tscarborough@hslawmail.com*<br>V. Blayre Pena<br>*bpena@hslawmail.com*<br>HANCE SCARBOROUGH, LLP<br>400 W. 15th Street, Suite 950<br>Austin, Texas  78701<br>*(via e-Filing and e-Mail)*<br><br>**ATTORNEYS FOR**<br>**PETROLEUM SOLUTIONS, INC.** | George P. Powell<br>TBA No. 16196000<br>Federal ID 3849<br>*george.powell@bizrgv.rr.com*<br>HINOJOSA & POWELL<br>612 W. Nolana Loop, Suite 410<br>McAllen, Texas 78504<br><br>Donald H. Grissom<br>TBA No. 08511550<br>Federal ID 23490<br>*don@gandtlaw.com*<br>GRISSOM & THOMPSON<br>509 W. 12th Street<br>Austin, Texas 78701<br>*(via e-Filing and e-Mail)*<br><br>**ATTORNEYS FOR**<br>**BILL HEAD D/B/A**<br>**BILL HEAD  ENTERPRISES** |

                 */s/ Robert G. Dees*
                 Robert G. Dees